UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION – IN ADMIRALTY

CASE NO. 8:21-CV-00420-CEH-SPF

IN RE: INTREPID MARINE TOWING &
SALVAGE, INC. d/b/a SEA TOW
CLEARWATER/PORT RICHEY and
JASON PATRICK LAMB as owners of a
1998 WORLD CAT 266SS, Vessel
Identification Number EPY662178898, FL
Registration Number FL3588KF, FOR
EXONERATION AND/OR LIMITATION
OF LIABILITY
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANTS**

NICHOLAS CACHUSSIE, ADRIENNE CACHUSSIE, and CHERYL WATKINS (hereinafter referred to as "CLAIMANTS"), by and through their undersigned counsel, file this Notice of Claim in the above-captioned action and its Answer to the Petitioners' Petition and states as follows:

1. The CLAIMANTS admit the allegations contained in Paragraph 1 of Petitioners' Petition, however, states that this case additionally falls under the jurisdiction of the laws of the state of Florida in regard to relevant tort claims that the CLAIMANTS intend to commence against the Petitioners in relation to the vessel that is the subject of this action. The CLAIMANTS intend to imminently file a Motion to Dismiss, Stay, and/or Lift the Injunction in this matter and allow the CLAIMANTS to pursue such tort claims against the Petitioners in Florida State Court if this honorable Court grants the CLAIMANTS the relief sought.

2. CLAIMANTS admit the allegations contained in Paragraph 2 but with the same reservations expressed above.

3. Admitted.

4. CLAIMANTS admit that the Petitioners seek exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 et seq, (hereinafter referred to as "THE ACT"). However, CLAIMANTS strongly oppose the Petitioners' request to this Court to involve the rights, privileges, remedies, and procedure of THE ACT particularly in light of the fact that the Petitioners carried a commercial liability insurance policy at the time of the subject collision with TWO MILLION DOLLARS ($2,000,000.00) of coverage, which far exceeds the post-accident valuation of Petitioners' vessel. Additionally, the Petitioners failed both to file their Petition within six (6) months of receiving notice of the claim from the CLAIMANTS, as required by 46 U.S. Code § 30511(a), and to properly notice the CLAIMANTS, as required by Supplemental Rule F(4). Finally, the CLAIMANTS combined economic damages related to the injuries they sustained in the subject accident already exceed the post-accident value of Petitioners' vessel.

5. Admitted without knowledge.

6. Admitted.

7. CLAIMANTS lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 7 of the Petitioners' Petition.

8. CLAIMANTS lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph 8 of the Petitioners' Petition. However, regardless of the veracity of the allegations, the Petitioners carried a commercial liability insurance policy at the time of the subject collision with TWO MILLION DOLLARS ($2,000,000.00) of coverage, which far exceeds the post-accident valuation of Petitioners' vessel. This coverage was

presumably purchased by the Petitioners for situations where the Petitioners could not be exonerated from liability or have the extent of their liability limited to the post-accident valuation of the vessel pursuant to THE ACT.

9. Admitted.

10. Admitted.

11. Admitted as to the vessel being operated by Captain Curtis Snyder within the course and scope of his employment with Petitioners. Without knowledge as to the status of his licensure.

12. Admitted.

13. Admitted.

14. Admitted.

15. CLAIMANTS lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Petitioners' Petition.

## COUNT I

16. CLAIMANTS reassert and reincorporates, by reference, its answers to the allegations set forth in Paragraphs one (1) through fifteen (15).

17. CLAIMANTS lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Petitioners' Petition.

18. Denied.

19. Denied as to Petitioners' assertion that their negligence played no part in causing CLAIMANTS' damages. Petitioners had a duty to properly hire, train, and supervise the captain of their vessel. Curtis Snyder, Petitioners' chosen captain, was negligent in causing Petitioners' vessel to collide with CLAIMANTS' anchored and stationary vessel. Once CLAIMANTS have

established liability the burden falls upon the shipowner/petitioner to establish lack of privity or knowledge. Hercules Carriers, Inc. v. Claimant State of Florida, 768 F.2d 1558, 1563–64 (11th Cir.1985).

## COUNT II

20. CLAIMANTS reassert and reincorporates, by reference, its answers to the allegations set forth in Paragraphs one (1) through fifteen (15).

21. CLAIMANTS lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Petitioners' Petition.

22. Denied.

23. Denied as to Petitioners' assertion that their negligence played no part in causing CLAIMANTS' damages. Petitioners had a duty to properly hire, train, and supervise the captain of their vessel. Curtis Snyder, Petitioners' chosen captain, was negligent in causing Petitioners' vessel to collide with CLAIMANTS' anchored and stationary vessel. Once CLAIMANTS have established liability the burden falls to the shipowner/petitioner to establish lack of privity or knowledge. Hercules Carriers, Inc. v. Claimant State of Florida, 768 F.2d 1558, 1563–64 (11th Cir.1985).

24. Admitted that Petitioners filed the documents listed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Petitioners failed to file their Complaint and Petition for Exoneration From or Limitation of Liability within six (6) months of receiving notice of claim from CLAIMANTS' counsel. CLAIMANTS' counsel provided express written notice to Petitioners on June 17, 2020 and June 26, 2020. Petitioners did not file their initial Complaint and Petition until February 22, 2021.

(Attached as Exhibit 1 & 2). This is outside of the acceptable time frame pursuant to 46 U.S. Code § 30511(a) and Petitioners' Complaint and Petition should be dismissed on those grounds.

## SECOND AFFIRMATIVE DEFENSE

After filing their Complaint and Petition for Exoneration From or Limitation of Liability, Petitioner's had a duty pursuant to Supplemental Rule F(4) to provide notice to known claimants of the Complaint and Petition via newspaper publication and via mail no later than the day of the second newspaper notice publication. Despite having received notice of CLAIMANTS' claims, knowledge of their identities, and contact information, Petitioners failed to notify CLAIMANTS of their Complaint and Petition in any way until CLAIMANTS' counsel advised them of their intent to file suit in Florida State Court. This took place on April 6, 2021, over a month and half after Petitioners filed their initial Complaint and Petition. Petitioners blatantly disregarded the procedures of Supplemental Rule F(4) and Petitioners' Complaint and Petition should be dismissed on those grounds.

## THIRD AFFIRMATIVE DEFENSE

The incident described in Petitioners' Complaint for Exoneration from and/or Limitation of Liability occurred as a direct result of the negligent acts or omissions of the Petitioners and/or their agents and employees and within the Petitioners' privity or knowledge.

## FOURTH AFFIRMATIVE DEFENSE

The incident described in Petitioners' Complaint for Exoneration from and Limitation of Liability occurred as a direct result of Petitioners' failure to maintain the vessel in a seaworthy condition or otherwise ensure proper safety procedures, protocols and/or warnings were in place

and in force, including, without limitation, the operation or control of the subject vessel by Petitioners' agent.

**FIFTH AFFIRMATIVE DEFENSE**

Petitioners carelessly and negligently entrusted the subject vessel to their agent, Curtis Snyder, who was, at the time and location of the incident described in Petitioners' Complaint, operating the vessel under the influence of alcohol or drugs and, thus, within the privity or knowledge of said Petitioners.

**SIXTH AFFIRMATIVE DEFENSE**

Petitioners' Complaint for Exoneration from and Limitation of Liability and the subsequently filed Ad Interim Stipulation of Value and Stipulation for Costs alleges a value of the subject vessel that is unsubstantiated, insufficient and should be increased pursuant to Supplemental Rule F(7).

**SEVENTH AFFIRMATIVE DEFENSE**

Petitioners' Complaint for Exoneration from or Limitation of Liability fails to state a claim upon which relief may be granted.

WHEREFORE, Claimants pray that the Complaint and Petition for Exoneration From or Limitation of Liability be dismissed, that CLAIMANTS be allowed to make due proof of their claims for all losses and damages, that Petitioners be required to substantiate the value of the subject vessel, that Petitioners' right to Exoneration from or Limitation of Liability be denied, and for such other and further relief deemed just and proper under the circumstances.

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court via CM/ECF on the 17th day of May, 2021. I also certify that the foregoing was served on Raul J. Chacon, Jr., rchacon@mgmlaw.com, Jonathan Hernandez, jhernandez@mgmlaw.com, Gustavo Adolfo Martinez-Tristani, gmartinez@mgmlaw.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of Filing.

**FLORIN ROEBIG, PA**

_____

**Thomas D. Roebig, Jr. Esquire**
tdr@florinroebig.com
FBN:0651702
**Nicholas S. Costantino, Esquire**
ncostantino@florinroebig.com
FBN:0119870
**FLORIN ROEBIG, PA**
777 Alderman Road
Palm Harbor, FL 34683
Telephone: (727) 786-5000
Fax: (727) 772-9833
**Service Emails:**
tdr@florinroebig.com
sierra@florinroebig.com
PIService@florinroebig.com