UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION – IN ADMIRALTY

CASE NO. 8:21-CV-00420-CEH-SPF

IN RE: INTREPID MARINE TOWING &
SALVAGE, INC. d/b/a SEA TOW
CLEARWATER/PORT RICHEY and
JASON PATRICK LAMB as owners of a
1998 WORLD CAT 266SS, Vessel
Identification Number EPY662178898, FL
Registration Number FL3588KF, FOR
EXONERATION AND/OR LIMITATION
OF LIABILITY
_____/

## CLAIMS OF NICHOLAS CACHUSSIE, ADRIENNE CACHUSSIE, AND CHERYL WATKINS

Claimants, NICHOLAS CACHUSSIE, ADRIENNE CACHUSSIE, AND CHERYL WATKINS, by and through their undersigned counsel and pursuant to Supplemental Rule F (5), makes claim for personal and emotional injuries and damages as against the Petitioners, INTREPID MARINE TOWING & SALVAGE, INC. d/b/a SEA TOW CLEARWATER/PORT RICHEY (hereinafter "INTREPID MARINE") and JASON PATRICK LAMB (hereinafter "LAMB") as owners of a 1998 World Cat 266SS motor vessel, its engines, tackle, apparel, and appurtenances, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages under the General Maritime Law of the United States and the laws of the State of Florida.

2. At all times material hereto, Claimant, NICHOLAS CACHUSSIE, was a resident of New Port Richey, Pasco County, Florida.

3. At all times material hereto, Claimant, ADRIENNE CACHUSSIE, was a resident of New Port Richey, Pasco County, Florida.

4. At all times material hereto, Claimant, CHERYL WATKINS, was a resident of Hudson, Pasco County, Florida.

5. At all times material hereto, Petitioner, INTREPID MARINE, was and is a corporation, organized and existing pursuant to the laws of the State of Florida and the registered owner of the 1998 World Cat 266SS motor vessel, bearing Vessel Identification Number EPY662178898 and Florida Registration Number FL3588KF.

6. At all times material hereto, Petitioner, JASON PATRICK LAMB, was and is upon information and belief a resident of Pasco County, Florida and the purported owner/owner *pro hac vice* of the 1998 World Cat 266SS motor vessel (hereinafter "World Cat"), bearing Vessel Identification Number EPY662178898 and Florida Registration Number FL3588KF.

7. At all times material hereto, Petitioners owned, operated, managed, navigated, controlled, and/or maintained the World Cat as a private, commercial vessel for use upon the navigable waters of the State of Florida.

8. At all times material hereto, Curtis Lee Snyder was acting within the course and scope of his employment with INTREPID MARINE TOWING & SALVAGE, INC. d/b/a SEA TOW CLEARWATER/PORT RICHEY.

9. On or about June 14, 2020, Claimants, NICHOLAS CACHUSSIE, ADRIENNE CACHUSSIE, and CHERYL WATKINS (hereinafter collectively referred to as "Claimants"), were anchored and fishing at Latitude 28°20.101000' / Longitude -82°47.320000'.

10. On or about June 14, 2020, Curtis Lee Snyder, was captaining the World Cat in the same vicinity at Claimants' anchored vessel.

11. At this time and place, Curtis Lee Snyder captained and controlled the World Cat in such a way as to make it collide with Claimants' stationary vessel.

12. Upon information and belief, Curtis Lee Snyder was not actively manning the World Cat, having placed it on autopilot, and was on a phone call at the time of the collision.

13. Claimant, NICHOLAS CACHUSSIE, having seen the fast-approaching World Cat, screamed to his fellow passengers to jump from their boat. Unfortunately, Claimants weren't able to clear the area prior to the World Cat violently colliding with Claimants' vessel. The Claimants were launched into the water and the World Cat came to rest on top of the Claimant's vessel.

14. Upon return to land, Curtis Lee Snyder was requested to take a field sobriety test by Florida Fish and Wildlife Commission and the United States Coast Guard. He declined to take the requested test.

15. Due to the negligence of Curtis Lee Snyder and Petitioners, Claimants have suffered severe and permanent injuries.

## COUNT I

## (ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER INTREPID MARINE WITHIN ITS PRIVITY OR KNOWLEDGE)

Claimant, NICHOLAS CACHUSSIE, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

16. At all times material hereto, Petitioner, INTREPID MARINE, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder,

were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

17. Petitioner, INTREPID MARINE, breached its duty of care owed to Claimant NICHOLAS CACHUSSIE, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

> A) Petitioner failed to keep or maintain a seaworthy vessel;
>
> B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;
>
> C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;
>
> D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.
>
> E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

18. At all times material hereto, it was foreseeable to Petitioner, INTREPID MARINE, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, NICHOLAS CACHUSSIE.

19. As a direct and proximate result of the foregoing acts of negligence of the Petitioner, INTREPID MARINE, claimant, NICHOLAS CACHUSSIE, sustained psychological

and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of his emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

20. The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, INTREPID MARINE.

WHEREFORE, Claimant, NICHOLAS CACHUSSIE, prays that he be allowed to make due proof of his claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied, that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

## COUNT II

## (ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER LAMB WITHIN HIS PRIVITY OR KNOWLEDGE)

Claimant, NICHOLAS CACHUSSIE, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

21. At all times material hereto, Petitioner, LAMB, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder, were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

22. Petitioner, LAMB, breached its duty of care owed to Claimant NICHOLAS CACHUSSIE, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

> A) Petitioner failed to keep or maintain a seaworthy vessel;
>
> B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;
>
> C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;
>
> D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.
>
> E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

23. At all times material hereto, it was foreseeable to Petitioner, LAMB, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, NICHOLAS CACHUSSIE.

24. As a direct and proximate result of the foregoing acts of negligence of the Petitioner, LAMB, claimant, NICHOLAS CACHUSSIE, sustained psychological and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of his emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

25. The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, LAMB.

WHEREFORE, Claimant, NICHOLAS CACHUSSIE, prays that he be allowed to make due proof of his claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied, that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

## COUNT III

## (ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER INTREPID MARINE WITHIN ITS PRIVITY OR KNOWLEDGE)

Claimant, ADRIENNE CACHUSSIE, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

26. At all times material hereto, Petitioner, INTREPID MARINE, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder, were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

27. Petitioner, INTREPID MARINE, breached its duty of care owed to Claimant ADRIENNE CACHUSSIE, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

    A) Petitioner failed to keep or maintain a seaworthy vessel;

B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;

C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;

D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.

E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

28. At all times material hereto, it was foreseeable to Petitioner, INTREPID MARINE, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, ADRIENNE CACHUSSIE.

29. As a direct and proximate result of the foregoing acts of negligence of the Petitioner, INTREPID MARINE, claimant, ADRIENNE CACHUSSIE, sustained psychological and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of her emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

30. The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, INTREPID MARINE.

WHEREFORE, Claimant, ADRIENNE CACHUSSIE, prays that she be allowed to make due proof of her claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied, that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV

## (ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER LAMB WITHIN HIS PRIVITY OR KNOWLEDGE)

Claimant, ADRIENNE CACHUSSIE, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

31. At all times material hereto, Petitioner, LAMB, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder, were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

32. Petitioner, LAMB, breached its duty of care owed to Claimant ADRIENNE CACHUSSIE, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

    A) Petitioner failed to keep or maintain a seaworthy vessel;

    B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;

C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;

D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.

E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

33. At all times material hereto, it was foreseeable to Petitioner, LAMB, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, ADRIENNE CACHUSSIE.

34. As a direct and proximate result of the foregoing acts of negligence of the Petitioner, LAMB, claimant, ADRIENNE CACHUSSIE, sustained psychological and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of her emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

35. The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, LAMB.

WHEREFORE, Claimant, ADRIENNE CACHUSSIE, prays that she be allowed to make due proof of her claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied,

that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

## COUNT V

## ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER LAMB WITHIN HIS PRIVITY OR KNOWLEDGE

Claimant, CHERYL WATKINS, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

36. At all times material hereto, Petitioner, INTREPID MARINE, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder, were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

37. Petitioner, INTREPID MARINE, breached its duty of care owed to Claimant CHERYL WATKINS, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

    A) Petitioner failed to keep or maintain a seaworthy vessel;

    B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;

    C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;

      D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.

      E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

38. At all times material hereto, it was foreseeable to Petitioner, INTREPID MARINE, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, CHERYL WATKINS.

39. As a direct and proximate result of the foregoing acts of negligence of the Petitioner, INTREPID MARINE, claimant, CHERYL WATKINS, sustained psychological and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of her emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

40. The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, INTREPID MARINE.

WHEREFORE, Claimant, CHERYL WATKINS, prays that she be allowed to make due proof of her claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied, that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

## **COUNT VI**

## **(ALLEGATIONS AS TO NEGLIGENCE OF PETITIONER LAMB WITHIN HIS PRIVITY OR KNOWLEDGE)**

Claimant, CHERYL WATKINS, adopts, realleges, and reavers the General Allegations of Paragraphs one (1) through fifteen (15) above as if fully set forth at length herein and further states:

41. At all times material hereto, Petitioner, LAMB, owed a nondelegable duty of reasonable care under the circumstances to ensure that the subject vessel was properly maintained and seaworthy and that operators thereof, including Curtis Lee Snyder, were licensed and credentialed, had the requisite training and experience to safely navigate, operate or control the subject vessel or otherwise would not operate said vessel under the influence of alcohol or drugs.

42. Petitioner, LAMB, breached its duty of care owed to Claimant CHERYL WATKINS, and otherwise demonstrated its negligence by virtue of the following non-exclusive acts or omissions:

    A) Petitioner failed to keep or maintain a seaworthy vessel;

    B) Petitioner failed to properly instruct employee Curtis Lee Snyder on the safe operation of the subject vessel prior to his use thereof;

    C) Petitioner failed to ensure that employee Curtis Lee Snyder was licensed or credentialed or otherwise had the requisite training and experience to safely navigate, operate or control the subject vessel;

    D) Petitioner failed to ensure that employee Curtis Lee Snyder exercised proper safety procedures and protocols in the operation of the subject vessel in inclement weather.

      E) Petitioner failed to ensure that employee Curtis Lee Snyder would not operate the subject vessel under the influence of alcohol or drugs.

43.    At all times material hereto, it was foreseeable to Petitioner, LAMB, that a breach of the aforementioned duties would create a zone of danger or increased risk of harm to passengers aboard the subject vessel, including Claimant, CHERYL WATKINS.

44.    As a direct and proximate result of the foregoing acts of negligence of the Petitioner, LAMB, claimant, CHERYL WATKINS, sustained psychological and emotional injuries, trauma and resulting pain and suffering, with physical manifestations of her emotional distress, mental anguish, loss of capacity for enjoyment of life, past and future medical and psychological care and treatment. These losses are permanent and continue and the claimant will continue to suffer such losses in the future.

45.    The aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of the Petitioner, LAMB.

WHEREFORE, Claimant, CHERYL WATKINS, prays that she be allowed to make due proof of her claims as against the Petitioners for all losses and damages plus pre-judgment interest and costs, that Petitioner's right to Exoneration from or Limitation of Liability be denied, that Petitioner be required to increase the "agreed value" of the subject vessel and for such other and further relief deemed just and proper under the circumstances.

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court via CM/ECF on the 17th day of May, 2021. I also certify that the foregoing was served on Raul J. Chacon, Jr., rchacon@mgmlaw.com, Jonathan Hernandez, jhernandez@mgmlaw.com, Gustavo Adolfo Martinez-Tristani, gmartinez@mgmlaw.com, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of Filing.

**FLORIN ROEBIG, PA**

_____

**Thomas D. Roebig, Jr. Esquire**
tdr@florinroebig.com
FBN:0651702
**Nicholas S. Costantino, Esquire**
ncostantino@florinroebig.com
FBN:0119870
**FLORIN ROEBIG, PA**
777 Alderman Road
Palm Harbor, FL 34683
Telephone: (727) 786-5000
Fax: (727) 772-9833
**Service Emails:**
tdr@florinroebig.com
sierra@florinroebig.com
PIService@florinroebig.com
