UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE:

Complaint and Petition of INTREPID MARINE TOWING & SALVAGE, INC. d/b/a SEA TOW CLEARWATER/PORT RICHEY, and its stockholder/s, including JAMES PATRICK LAMB, as owner and/or owners *pro hac vice* of a 1998 World Cat 266SS, Vessel Identification Number (VIN) EPY662178898, FL Registration Number FL3588KF, including her `engines, gear, tackle, appurtenances, equipment, furniture, etc., for Exoneration from and/or Limitation of Liability,

    Petitioners.

_____/

Case No: 8:21-cv-420-CEH-SPF

**<u>ORDER</u>**

    This cause comes before the Court upon Petitioners' Motion for Reconsideration and/or to Amend the Court's Order and Judgment (Doc. 41) and Claimants' Response in Opposition (Doc. 42). Petitioners ask this Court to reconsider and amend its Order, which adopted the Magistrate Judge's Report and Recommendation and granted summary judgment in favor of Claimants on all counts. Docs. 39, 40. Specifically, Petitioners argue that: (1) the Court erred in finding that Claimants' letter gave notice to Petitioners of a reasonable possibility that their claims

would exceed the value of Petitioners' vessel; (2) the Court erred in excluding as hearsay James Lamb's statement regarding his and others' observations of the accident; and (3) the Judgment and Order should have specified that Count I (Exoneration) was dismissed without prejudice. Doc. 41 at 2–14. Upon full review and consideration, and being fully advised in the premises, the Court will deny the Motion.

## LEGAL STANDARD

Reconsideration of a previous order is an extraordinary remedy. *See Ludwig v. Liberty Mutual Fire Insur. Co.,* 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. March 30, 2005). As a result, the Court "will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.,* 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or manifest injustice. *Id.,* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D. Fla. 2000)); *PBT Real Est., LLC v. Town of Palm Beach,* 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present

evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 957 (11th Cir. 2009), quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

## DISCUSSION

Petitioners challenge the Court's Order overruling their Objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Sean P. Flynn. Doc. 39. The issue before the Court in that Order was whether—following a collision between two boats—Claimants provided written notice of their claim to Petitioners under 46 U.S.C. § 30511(a), from which time Petitioners would have six months to file their Complaint and Petition under the statute. In the R&R, the Magistrate Judge recommended that the Court grant-in-part and deny-in-part the Claimants' motion to dismiss, construing it as a motion for summary judgment and granting summary judgment in favor of Claimants on Count I (Exoneration) and Count II (Limitation of Liability in the Alternative) because Petitioners did not timely file their action. *See* Doc. 32. The R&R recommended denying Claimants' alternative request to lift the stay and injunction. *Id.* Petitioners objected. Doc. 33. The Court overruled Petitioners' Objections, entered summary judgment in favor of Claimants on both counts, and denied Claimants' alternative request to lift the stay and injunction.[1] Doc. 39.

---

[1] The Court also denied Petitioners' Motion to Strike Claimants' "Supplemental Filing in Support of Magistrate's Report and Recommendation," (Doc. 35) construing the filing as a response to Petitioners' objections. Doc. 39 at 7–8.

3

Petitioners' three main arguments for reconsideration will be addressed in turn. First, Petitioners argue that the Court erred in concluding that the *Doxsee/McCarthy* test "does not require the notice of claim to blame the Petitioners." Doc. 41 ¶ 1. Further, Petitioners argue that the Court incorrectly found that Claimants' attorney's letter blamed the Petitioners, that the severity of Claimants' injuries was immaterial to resolving the Motion to Dismiss, and that Claimants' letter provided notice of a reasonable possibility that their claims exceeded the value of Petitioners' vessel. *Id.* ¶¶ 2–7. In support of its reading of the law, Petitioners cite caselaw from the Ninth Circuit and several District Courts in the Second Circuit. *Id.* ¶ 2. Claimants respond that Petitioners' arguments must fail because the Court correctly held that, based on Eleventh Circuit precedent, Claimants were not required to show that all of the factors in the *Doxsee/McCarthy* test were met, but rather only that the notice satisfied "some of the factors, or similar factors to, those in *Paradise Divers*." Doc. 39 at 15–16; Doc. 42 at 2–3.

The Court agrees that Petitioners fail to satisfy the standard for reconsideration. Petitioners' Motion fails to demonstrate the existence of an intervening change in the law, new evidence, clear error, or manifest injustice. Moreover, the Court's Order correctly concluded that the letter constituted written notice, and that it revealed a "reasonable possibility" of a claim exceeding the value of Petitioners' vessel. Doc. 39 at 11–12. The Court's Order considered and resolved the issue of whether Claimants' letter provided written notice, and Petitioners' arguments for reconsideration are unpersuasive, first and foremost because the case at bar is within the jurisdiction of the

4

Eleventh Circuit, not the Ninth or Second Circuits. Further, the caselaw Petitioners cite was available at the time they filed their Objection to the Magistrate Judge's Report and Recommendation on June 14, 2022, yet Petitioners did not cite to it then. *See* Doc. 39. It is improper for Petitioners to raise new arguments based on law which was available at the time of the Objection. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Petitioners have failed to provide any argument meriting reconsideration of the Court's finding that they were provided written notice of a claim that had a "reasonable possibility" of exceeding $42,500, and their request for reconsideration on this basis will be denied.

Next, Petitioners argue that the Court erred when it concluded that Lamb's observations were hearsay under Fed. R. Evid. 801(c). Doc. 41 ¶ 8. Petitioners assert that these statements are admissible under the Present Sense Impression exception to the hearsay rule because the witness statements were made to Lamb immediately after they perceived the event. *Id.* Claimants respond that there is no indication from Lamb's Written Statement that any of the statements made to him were made immediately after the event was perceived. Doc. 42 at 6. Further, Claimants argue that Captain Snyder would have had an incentive to "deliberate and possibly fabricate a statement," given that he was implicated in the wrongful act that caused the crash, and that the lack of any language in the statement indicating that he learned of the information "immediately after" the speaker perceived the event shows that the statements were rightfully excluded as hearsay. *Id.* at 6–7. Lastly, Claimants argue that even if the statements were admissible under Fed. R. Evid. 803(1), this would not

5

be enough to overcome the reason that Claimants' Motion for Summary Judgment was granted—that Petitioners received written notice of a claim and failed to timely file this action. *Id.* at 7.

Again, Petitioners fail to identify any proper basis for reconsideration with regards to this argument. Their arguments were already addressed in the Court's Order, and an attempt to relitigate issues already decided is impermissible in a motion for reconsideration. *See Wilchombe,* 555 F.3d at 957; *Turk v. Crytzer,* 8:18-cv-2490-CEH-TGW, 2021 WL 5506781 at *2 (M.D. Fla. Nov. 24, 2021) (Honeywell, J.) (denying motion for reconsideration of grant of summary judgment that was an attempt to relitigate the issues already decided). Moreover, Defendants correctly note that there is no indication in Lamb's sworn statement (Doc. 31 at 4–7) that the observations of the crash were relayed to him "immediately after" the accident, and the Court's previous finding that his statement is hearsay was correct. Petitioners have not identified an adequate reason to revisit this ruling. Therefore, the motion for reconsideration will be denied.

Finally, as an alternative request under Fed R. Civ. P. 60(b)(6), Petitioners ask that the Court amend its Order and Judgment to state that Count I (Exoneration) is dismissed without prejudice. Doc. 41 at 13–14. Claimants respond that Count I was properly dismissed with prejudice because the basis for granting exoneration vanishes where a Court rules that no grant of limitation is possible. Doc. 42 at 7–8. Thus, argue Claimants, because Petitioners' request for limitation of liability was denied, they have

no grounds to seek exoneration, and the request to amend the Order and Judgment should be denied. *Id.*

Motions under Rule 60(b) are "directed to the sound discretion" of the Court. *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984). Moreover, relief under subparagraph 60(b)(6), the Rule's "catch-all" provision, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and when "absent such relief, an extreme and unexpected hardship will result." *Id.*; *see Paul v. William Morrow and Co., Inc.,* 380 Fed. Appx. 957, 959 (11th Cir. June 2, 2010). Here, Petitioners fail to show exceptional circumstances justifying an amendment of the Order and Judgment under Fed. R. Civ. P. 60(b)(6). And Claimants correctly argue in their Response that "where no grant of limitation is possible, the basis for granting exoneration vanishes." *Fecht v. Makowski,* 406 F.2d 721, 723 (5th Cir. 1969).[2] Furthermore, the Court's Order and Judgement already clearly states that summary judgment has been entered in favor of Claimants and against Petitioners on both Counts I and II because Petitioners did not timely file the action. Doc. 39 at 21. Thus, Petitioners' request to amend the Judgement is due to be denied as well.

---

[2] All decisions from the Fifth Circuit Court of Appeals entered prior to the close of business on September 30, 1981, are binding within the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Petitioners' Motion for Reconsideration and/or to Amend the Court's Order and Judgment (Doc. 41) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on August 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any